**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EVAN MASON SPAETH, | : | |
| | : | Civil Action |
| Plaintiff, | : | 06-02684 (SRC) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| LIA MOORE, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

    EVAN MASON SPAETH, plaintiff <u>pro se</u>
    # 902680B
    New Jersey State Prison
    Trenton, New Jersey 08625

**STANLEY R. CHESLER, District Judge**

    Plaintiff EVAN MASON SPAETH (hereinafter "Plaintiff") currently confined at the New Jersey State Prison, Trenton, New Jersey, seeks to bring this 42 U.S.C. § 1983 action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his <u>in forma pauperis</u> application, pursuant to 28 U.S.C. § 1915(a) (1998), and Plaintiff's complaint (hereinafter "Complaint"). Plaintiff named Lia Moore, a licensed nurse at St. Francis Medical Center (hereinafter "MC") as Defendant in this action. <u>See</u> Compl. at 4.

**BACKGROUND**

According to the Complaint, on March 10, 2006, Plaintiff, after attempting to commit suicide, attended the MC and was waiting for treatment when Defendant passed by Plaintiff and stated to Plaintiff that Plaintiff should "do it the right way and kill [him]self [since the MC is] not a charity hospital." See id. at 4, 6. Plaintiff is now "asking the [C]ourt[] for . . . monetary compensation [in the amount] of $ 500,000.00 and [requesting the Court] to see if [Defendant] is fit to be in the medical field of employment." Id. at 7.

**STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in

determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## DISCUSSION

Liberally construing the Plaintiff's Complaint, the Court reads it as asserting a claim based on Defendant's violations of the Plaintiff's Eighth Amendment rights.

**A.   Plaintiff's Claim Is Precluded by the Color of Law Requirement**

To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal

Constitution or laws.[1]  See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights.  See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  Therefore, for Plaintiff's claim to survive, Plaintiff must show that Defendant: (1) acted under color of state law; and (2) deprived the Plaintiff of a federal right.  See Groman, 47 F.3d at 633.

"The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law."  Id. at 638.  The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the Plaintiff's rights] be fairly attributable to the State."  Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).  For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or

---

[1] Section 1983 provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39. The United States Supreme Court has articulated several instances where a private party's actions may be fairly attributed to state action, including when: (1) it results from the State's exercise of "coercive power"; (2) the State provides significant encouragement, either overt or covert; (3) a private actor operates as a willful participant in joint activity with the State or its agents; (4) a nominally private entity is controlled by an agency of the State; (5) a private entity has been delegated a public function by the State; or (6) the private entity is entwined with governmental policies, or the government is entwined in its management or control. See Brentwood Academy v. Tennessee Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and citations omitted). The Court, in deciding whether a particular action or course of action by a private party is governmental in character, must examine: (1) the extent to which the actor relies on governmental assistance and benefits; (2) whether the actor is performing a traditional public function; and (3) whether the injury caused is aggravated in a unique way by the

incidents of governmental authority.  See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991).

It appears that Plaintiff's Complaint fails to satisfy the "color of law" requirement with respect to Defendant since the MC, Defendant's employer, is a private entity, and Plaintiff did not allege any acts by the MC, or any contracts between the State and the MC, that may qualify the MC as a state actor.  See generally, Compl.  Therefore, the Court dismisses Plaintiff's allegations accordingly for failure to state a claim upon which relief may be granted.

**B.   Plaintiff Fails to State a Violation of the Eighth Amendment**

Even if the MC could qualify as a state actor, Plaintiff's claim does not state a constitutional violation since Plaintiff bases his claim on an act of verbal harassment.  It is well settled that acts of verbal harassment cannot qualify as violations of the Eighth Amendment.  See Stepney v. Gilliard, 2005 U.S. Dist. LEXIS 31889, at *19 (N.J.D. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms.  'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (quoting

Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998), and citing Collins v. Graham, 377 F. Supp. 2d 241, 244 (D. Me. 2005)); see also Robinson v. Taylor, 2005 U.S. Dist. LEXIS 20951, at *8-9 (D. Del. Sept. 26, 2005) ("[M]ere verbal harassment does not give rise to a constitutional violation[; even if it is] inexcusable and offensive, [it] do[es] not establish liability under section 1983) (quoting McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) and citing Moore v. Morris, 116 Fed. Appx. 203, 205 (10th Cir. 2004); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 187-89 (D.N.J. 1993)); Abuhouran v. Acker, 2005 U.S. Dist. LEXIS 12864, at *15 (E.D. Pa. June 29, 2005) ("It is well established . . . that . . . verbal harassment, . . . standing alone, do[es] not state a constitutional claim") (citing Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 1999); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995)). Since Plaintiff's allegations are not cognizable under § 1983, see Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (dismissing prisoner's claim that defendant laughed at prisoner and threatened to hang him), Plaintiff's claim against Defendant is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

An appropriate order accompanies this Opinion.

_____
STANLEY R. CHESLER
United States District Judge

Dated: _____, 2006